UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAVID J. BEAULIEU,

        Plaintiff,

v.

Case No. 24-cv-734-pp

GAGE MARINE and CITY OF LAKE GENEVA,

        Defendants.

---

**ORDER DISMISSING CASE UNDER FED. R. CIV. P. 41(a)(1)(A)(i) AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS (DKT. NO. 6)**

---

      On June 12, 2024, the plaintiff filed a complaint asserting claims under 42 U.S.C. §1983 for violations of his rights under the Fourth, Fifth and Fourteenth Amendments. Dkt. No. 1. On July 15, 2024, the defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), asking the court to dismiss the case with prejudice. Dkt. Nos. 6. Instead of filing a response in opposition or filing an amended complaint, dkt. no. 9, on August 15, 2024 the plaintiff filed a "voluntary motion to dismiss," dkt. no. 11. The motion asks the court "to voluntarily dismiss this action, with prejudice and without costs to any party." Id. at 1. The motion does not reveal whether the plaintiff conferred with the defendants and there is no stipulation of dismissal signed by all the parties.

      Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure allows a plaintiff to "dismiss an action without a court order by filing . . . a notice of dismissal

1

before the opposing party serves either an answer or a motion for summary judgment[.]" A dismissal based on Rule 41(a)(1)(A) is "without prejudice" unless "the notice or stipulation states otherwise[.]" Fed. R. Civ. P. 41(a)(1)(B).

The Seventh Circuit has held that a plaintiff's right to voluntary dismissal by notice before the filing of an answer or a motion for summary judgment is "absolute." Marques v. Federal Reserve Bank of Chi., 286 F.3d 1014, 1017 (7th Cir. 2002). A plaintiff "doesn't need a good reason, or even a sane or any reason, to dismiss a suit voluntarily." Id. A notice to dismiss under Rule 41(a)(1)(A)(i) is "self-executing and case-terminating." United States v. UCB, Inc., 970 F.3d 835, 849 (7th Cir. 2020); see also Edwards-Brown v. Crete-Monee 201-U Sch. Dist., 491 F. App'x 744, 746 (7th Cir. 2012) (noting that, since a dismissal under Rule 41(a)(1)(A)(i) is effective upon the plaintiff filing the notice of voluntary dismissal, a court order "granting" the voluntary dismissal is "superfluous"). Under Rule 41(a)(1)(A)(i), it does not matter whether a plaintiff labels a filing as a "notice to dismiss" or a "motion to dismiss." See Smith v. Potter, 513 F.3d 781, 783 (7th Cir. 2008) (holding that a "motion to voluntarily dismiss the plaintiff's complaint" was, despite its title, a Rule 41(a)(1) notice of dismissal). If the plaintiff files his motion before the defendants serve an answer or a motion for summary judgment, and if the plaintiff's motion clearly indicates a desire to voluntarily dismiss the case, the plaintiff's filing itself dismisses the case. Id. at 782 ("The miscaptioned motion *itself* effected the dismissal of the suit; the case was gone; no action remained for the district judge to take." (emphasis added)).

2

A defendant filing a competing motion for dismissal, even if that motion is served before the plaintiff files the notice of voluntary dismissal, does not invalidate a plaintiff's notice of voluntary dismissal. See Edwards-Brown, 491 F. App'x at 746 (noting that "[a] voluntary dismissal filed before any responsive pleading is filed is self-executing and automatically effects dismissal of the case" and that "a motion to dismiss is not a responsive pleading"); Lim v. Metcalf & Assocs., P.C., Case No. 22-CV-323-WMC, 2023 WL 183668, at *1 (W.D. Wis. Jan. 13. 2023) (allowing a plaintiff to voluntarily dismiss without prejudice even after the defendants had removed the case to federal court, the parties litigated the plaintiff's motion to remand and the defendants sought to renew the motion to dismiss they had filed in state court).

Because the defendants have not served an answer or a motion for summary judgment in this case, the plaintiff has an "absolute" right to voluntarily dismiss. See Marques, 286 F.3d at 1017. Even though the plaintiff titled his filing a "voluntary *motion* to dismiss," he needs no court order; his filing showing his intent to voluntarily dismiss is a self-effectuating notice of voluntary dismissal under Rule 41(a)(1)(A)(i). See Smith, 513 F.3d at 783. But because the plaintiff's notice specifically asks the court "to voluntarily dismiss this action, with prejudice," dkt. no. 11, the court will dismiss the case with prejudice.

The court **DIRECTS** the Clerk of Court to convert the plaintiff's motion to dismiss to a notice of voluntary dismissal. Dkt. No. 11.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE** under Fed. R. Civ. P. 41(a)(1)(A)(i), with no costs to any party.

The court **DENIES AS MOOT** the defendants' motion to dismiss. Dkt. No. 6.

Dated in Milwaukee, Wisconsin this 30th day of August 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

4

Case 2:24-cv-00734-PP    Filed 08/30/24    Page 4 of 4    Document 12